E-filing   **UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**(SAN FRANCISCO DIVISION)**



CV 08    1749

**GARY W. BROWN, TROY JORDAN,**
**and MARGARET R. SMITH**

**CIVIL ACTION NO._____** CRB

**PLAINTIFFS,**

**versus**

**COMPLAINT**

**PFIZER, INC., PHARMACIA CORPORATION,**
**and G.D. SEARLE, LLC**

**DEFENDANTS.**

---

## COMPLAINT

COMES NOW, the Plaintiffs, Gary W. Brown, Troy Jordan and Margaret R. Smith, by and through their attorneys of record, and for their cause of action against the Defendants, would show unto the Court the following:

**I.**

1.    This is an action for damages suffered by Plaintiffs as a direct and proximate result of Defendants' wrongful conduct including, but not limited to, the design, manufacturing, distribution, testing, labeling, failure to warn of harmful side effects, warranting, and selling of the prescription drug Celebrex.

## II.

## PARTIES

2.    Plaintiff, Gary W. Brown, is a person of the full age of majority and a resident of Bearden, Ouachita County, Arkansas.

3.    Plaintiff, Troy Jordon, is a person of the full age of majority and a resident of Crossett, Ashley County, Arkansas.

4.    Plaintiff, Margaret R. Smith, is a person of the full age of majority and a resident of Pine Bluff, Jefferson County, Arkansas.

5.    Defendant, Pfizer, Inc., ("Pfizer") is a Delaware corporation with its principal place of business in New York, New York. In 2003, Pfizer acquired Pharmacia Corporation for nearly $60 billion. At all relevant times, Pfizer and/or its predecessors in interest were engaged in the business of designing, testing, manufacturing, packaging, marketing, distributing, promoting, and selling the drug Celebrex nationwide.

6.    Defendant G.D. Searle, LLC, formerly known as G.D. Searle & Co. ("Searle") is a Delaware Corporation with its principal place of business in Illinois. At all relevant times, Searle has been engaged in the business of marketing and selling Celebrex nationwide. Searle is a subsidiary of Pfizer, acting as its agent and alter ego in all matters alleged within this Complaint.

7.    Defendant Pharmacia Corporation ("Pharmacia") is a Delaware corporation with its principal place of business in New Jersey. At all relevant times, Pharmacia, and its predecessors in interest have been engaged in the business of designing, testing, manufacturing, packaging, marketing, distributing, promoting, and selling Celebrex nationwide.

### III.

### JURISDICTION AND VENUE

8.    This Honorable Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 exclusive of interest and costs and because this action is brought by an individual who is a citizen of a state other than the Defendants.

9.    Venue is proper in this district pursuant to 28 U.S.C. § 1391. Plaintiffs purchased the products that form the basis of this lawsuit in the Eastern District of Arkansas Western Division. At all relevant times herein, Defendants were in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling its product, Celebrex. Defendants, and at all times relevant hereto, designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold in interstate commerce and Arkansas the aforementioned prescription drug.  Defendants do substantial business in the State of Arkansas and within this Federal District, advertised in this district, received substantial compensation and profits from sales of Celebrex in this district, and made material omissions and misrepresentations and breaches of warranties in this district.

### IV.

### INTERDISTRICT ASSIGNMENT

10.    Assignment to the San Francisco Division is proper as this action is related to *in Re: Bextra and Celebrex Marketing Sales Prac. And Pro. Liab. Lit.*, MDL - 1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

**V.**

**FACTUAL ALLEGATIONS**

11.    Pfizer, Inc. was in the business of designing, manufacturing, marketing, developing,

testing, labeling, promoting, distributing, warranting and selling its product, Celebrex. Pfizer,

Inc., at all times relevant hereto, designed, developed, manufactured, promoted, marketed,

distributed, tested, warranted and sold Celebrex in Arkansas.

12.    Plaintiff, Gary W. Brown, ingested Celebrex as prescribed from October 23, 2002

through March 5, 2003 and, as a result thereof, suffered several heart attacks on or about January

18, 2003 and February 7, 2003.

13.    Plaintiff, Troy Jordon, ingested Celebrex as prescribed from July 19, 2004 through

September 30, 2004 and, as a result thereof, suffered a cerebral vascular accident (stroke) on or

about September 9, 2004.

14.    Plaintiff, Margaret R. Smith, ingested Celebrex as prescribed from March 17, 2000

through April 17, 2000 and, as a result thereof, suffered a cerebral vascular accident (stroke) on

or about March 24, 2000.

15.    At all times relevant herein, Plaintiffs were unaware of the serious side effects and

dangerous properties of the drug as set forth herein.

16.    The product in question was designed, formulated, patented, marketed, sold, tested,

warranted, and ultimately distributed by the Defendant as Celebrex.

17.    Celebrex is in a class of drugs called non-steroidal anti-inflammatory drugs ("NSAIDs")

with selective cyclooxygenase 2 inhibitory properties (COX-2 Inhibitor). It was approved by the

Food and Drug Administration on December 31, 1998, for the treatment and management of

Page 4 of  12

acute pain in adults, and for the treatment of symptoms of osteoarthritis.

18.    As of December 2004, Pfizer, Inc. has refused to withdraw Celebrex from the market, despite scientific studies documenting greater than triple the risk of heart attacks, strokes and death in connection with the use of Celebrex.

19.    Defendants materially breached its obligations to consumers, such as the Plaintiffs, including, but not limited to, its design, testing, the manufacture, design, warning, marketing, warranting, and sale of Celebrex.

20.    Defendants expressly and/or impliedly warranted to the market, including the Plaintiffs, by and through statements made by Defendants or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, that Celebrex was safe, effective, fit and proper for its intended use.

21.    Defendants were aware of the substantial risks from taking Celebrex but failed to fully disclose same.

22.    Defendants failed to meet the applicable standards of care which were intended for the benefit of individual consumers such as the Plaintiffs, making the Defendants liable for the Plaintiffs' injuries.

## VI.

## FIRST CAUSE OF ACTION PRODUCTS LIABILITY

23.    Plaintiffs incorporate and reallege the allegations set forth in Paragraphs 1-21.

24.    Celebrex was defective and unreasonably dangerous when it left the control of the Defendants, in that:

(a) The risk associated with use of Celebrex far outweighed the utility derived from using

such medications;

(b) Defendant failed to provide adequate warnings regarding the hazards associated with the use of Celebrex;

(c) Celebrex was defectively designed and unreasonably dangerous in design and composition in that other medications could achieve similar results without the risks presented by Celebrex; and

(d) Defendants' Celebrex failed to comply with express and/or implied warranty(ies) that its products were safe and effective products for human consumption, upon which the Plaintiffs justifiably relied in electing to consume Celebrex.

25.    Defendants were in the business of designing, developing, manufacturing, marketing, distributing, testing, warranting, and/or selling Celebrex.

26.    Plaintiffs further allege that Defendants sold and/or distributed Celebrex in a condition that posed unreasonable risks from reasonably anticipated use. Plaintiffs aver that the aforementioned product expected to and did reach the consumer Plaintiffs without substantial change in condition from the time that it left the control of Defendants.

27.    The defective condition(s) alleged herein rendered Celebrex unreasonably dangerous to Plaintiffs and proximately caused the injuries and damages for which recovery is sought.

28.    The risks associated with the use of Celebrex far outweighed its usefulness or desirability, and there existed a feasible design alternative that would have prevented the harm suffered by the Plaintiffs without compromising its usefulness.

29.    Defendants knew, or in the light of reasonably available knowledge should have known, of the danger in its product that caused the damage for which recovery is sought. The ordinary

user or consumer of Celebrex would not realize such dangers.

30.     In using Celebrex, the Plaintiffs relied on the knowledge, skill, judgment, representations, and express and/or implied warranties of the Defendants. Had the Plaintiffs known of the actual dangers associated with the use of Celebrex, they would not have consumed it.

31.     Defendants neglected to provide Plaintiffs warnings that reasonably could have been expected to catch the attention of a reasonably prudent person under similar circumstances taking into account the characteristics of, and the ordinary knowledge common to an ordinary consumer who purchases the product. Further, Defendants failed to provide warnings which accurately advise an ordinary consumer of the scope, severity and likelihood of serious injury resulting from use of Celebrex. Had such warnings been provided, the injuries and damages sustained by Plaintiffs could have been avoided.

32.     Defendants failed to provide warnings which accurately advise an ordinary physician or other licensed professional who prescribes the drug of the scope, severity and likelihood of serious injury resulting from use of Celebrex.

33.     Plaintiffs contend that Celebrex failed to function as expected, and there existed feasible design alternatives equally as effective and useful that would have had a reasonable probability of preventing the harms sustained by Plaintiffs.

34.     Defendants are liable to Plaintiffs for the damages complained of herein for the respective designing, developing, manufacturing, marketing, distributing, testing, warranting, and/or selling of Celebrex.

35.     A defective aspect of Celebrex specifically includes, but is not limited to the lack of adequate warning or instruction regarding the product's propensity to cause cardiovascular

events when used in an intended and reasonably foreseeable manner, and as encouraged by Defendants. This defect is a direct and proximate cause of the injuries for which Plaintiffs seek to recover compensatory damages.

36. The injuries of Plaintiffs were the direct and proximate result of their ingestion of Celebrex.

37. Defendants are strictly liable to Plaintiffs under the doctrine of strict liability.

## VII.

### SECOND CAUSE OF ACTION

### STRICT PRODUCT LIABILITY CLAIMS

38. Plaintiffs incorporate and reallege the allegations set forth in Paragraphs 1 through 36.

39. Defendants were negligent and breached their duty to Plaintiffs in the design, manufacture, testing, advertising, warning, marketing and sale of Celebrex, in that it, among other things, failed to conduct adequate testing, failed to properly warn of side effects, failed to provide adequate information and training to health care providers, and failed to adequately warn of consequences of use of the drugs individually or in combination.

40. The injuries of Gary W. Brown arising out of his heart attacks on January 18, 2003 and February 7, 2003 were the direct and proximate result of Defendants' negligence.

41. The injuries of Troy Jordon arising out of his cerebral vascular accident (stroke) on September 9, 2004 were the direct and proximate result of Defendants' negligence.

42. The injuries of Margaret R. Smith arising out of her cerebral vascular accident (stroke) on March 24, 2000 were the direct and proximate result of Defendants' negligence.

## THIRD CAUSE OF ACTION

### (BREACH OF EXPRESS WARRANTY)

43.    Plaintiffs incorporate and reallege the allegations set forth in Paragraphs 1 through 41.

44.    Defendants expressly warranted to the market, including Plaintiffs, by and

through statements made by Defendants or its authorized agents or sales representatives, orally

and in publications, package inserts and other written materials to the health care community,

that Celebrex was safe, effective, fit and proper for its intended use.

45.    In using Celebrex, Plaintiffs relied on the skill, judgment, representations, and

foregoing express warranties of the Defendants. These warranties and representations proved to

be false because the product was not safe and was unfit for the uses for which it was intended.

46.    The injuries of Plaintiffs were the direct and proximate result of Defendants' breach of

express warranty.

## FOURTH CAUSE OF ACTION

### (BREACH OF THE IMPLIED WARRANTY)

47.    Plaintiffs incorporate and reallege the allegations set forth in Paragraphs 1 through 45.

48.    Defendants have breached the implied warranty of merchantability in that Celebrex was

not reasonably fit for the purposes for which it was sold, intended, or reasonably foreseen, to be

used. Moreover, the Celebrex manufactured and sold by Defendants were defective on the date of

its delivery to Plaintiffs.

49.    Defendants have also breached the implied warranty of fitness for a particular purpose.

Celebrex is not reasonably fit for the specific purposes for which Defendants knowingly sold it

Page 9 of 12

and for which Plaintiffs bought Celebrex in reliance on Defendants.

50.     The injuries of Plaintiffs were the direct and proximate result of Defendants' breach of implied warranty.

### FIFTH CAUSE OF ACTION (UNJUST ENRICHMENT)

51.     Plaintiffs incorporate and reallege the allegations set forth in Paragraphs 1 through 49.

52.     Defendants have knowingly received a benefit at the expense of Plaintiffs. It would be unjust and unconscionable to permit Defendants to enrich itself at the expense of Plaintiffs and to retain the funds that Defendants wrongfully obtained from Plaintiffs.

### DAMAGES

### (COMPENSATORY DAMAGES)

53.     Plaintiffs incorporate and reallege the allegations set forth in Paragraphs 1 through 51.

54.     The conduct of Defendants set forth herein was the proximate cause of the injuries of Plaintiffs and all other injuries and damages herein stated. Plaintiffs request compensatory damages, including but not limited to the following:

   A.     Severe and permanent physical and medical injuries and associated disabilities;

   B.     Severe past and future pain and suffering and mental anguish occasioned by the resulting injuries;

   C.     Loss of enjoyment of life;

   D.     Increased risk of health problems;

   E.     Loss of past and future income;

   F.     Past and future medical, rehabilitation, and life care expenses;

   G.     Mental anguish and emotional trauma;

H.    Continued medical monitoring;

I..    Any and all other damages to be shown at trial.

WHEREFORE, Plaintiffs pray for judgment against the Defendants as follows:

a.  For damages in an amount in excess of Seventy Five Thousand Dollars as set forth

herein;

b.  For costs of this suit and attorney fees; and,

c.  All other relief that Plaintiffs may be entitled to at equity or at law.

Respectfully submitted,

VANCE ANDRUS
ANDRUS, BOUDREAUX, LEMOINE & TONORE
P.O. Box 3347
416 West Main Street
Lafayette, LA 70502
Telephone: (337) 233-3075

BRYAN AYLSTOCK
JUSTIN WITKIN
AYLSTOCK, WITKIN, KREIS & SASSER, PLLC
4400 Bayou Blvd., Suite 58
Pensacola, FL 32503
Telephone: (850) 916-7450

DAWN BARRIOS
BRUCE KINGSDORF
BARRIOS, KINGSDORF & CASTEIX, LP
One Shell Square
701 Poydras Street, Suite 3650
New Orleans, LA 70139-3650
Telephone: (504) 524-3300

MATTHEW LUNDY
LUNDY & DAVIS, LLP
P.O. Box 3010
Lake Charles, LA 70602
Telephone: (337) 439-0707

NEBLETT, BEARD & ARSENAULT
RICHARD J. ARSENAULT - 2563
Post Office Box 1190
Alexandria, LA  71309-1190
Telephone:  (318) 487-9874

BY: _____
    RICHARD J. ARSENAULT  #2563

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Gary W. Brown, Troy Jordan, Margaret R. Smith

### DEFENDANTS

Pfizer, Inc., Pharmacia Corporation, G.D. Searle, LLC

**(b)** County of Residence of First Listed Plaintiff Ouachita County, AR
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Richard J. Arsenault
P.O. Box 1190
Alexandria, LA 71309-1190
(318) 487-9874

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

(nature of suit table omitted)

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 another district (specify) ☒ 6 Multidistrict Litigation 1699 ☐ 7 Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
BEXTRA/CELEBREX (MDL 1699)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY) ☐ SAN FRANCISCO/OAKLAND ☐ SAN JOSE

DATE 3/3c/08   SIGNATURE OF ATTORNEY OF RECORD