AMY W. SCHULMAN
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501
amy.schulman@dlapiper.com

STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054
sgordon@gordonrees.com

MICHAEL C. ZELLERS (SBN: 146904)
TUCKER ELLIS & WEST LLP
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone:  (213) 430-3400
Facsimile:  (213) 430-3409
michael.zellers@tuckerellis.com

Attorneys for Defendants
PFIZER INC., PHARMACIA CORPORATION, AND
G.D. SEARLE LLC

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CELEBREX AND BEXTRA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MDL Docket No. 1699<br><br>CASE NO. 3:08-cv-1749-CRB<br><br>**PFIZER INC., PHARMACIA CORPORATION, AND G.D. SEARLE LLC'S ANSWER TO COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREIN** |

*This document relates to*

GARY W. BROWN, et al.,

        Plaintiffs,

     vs.

PFIZER, INC., PHARMACIA CORPORATION, and G.D. SEARLE, LLC,

        Defendants.

NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC (improperly captioned in Plaintiffs' Complaint as "G.D. Searle, LLC") ("Searle") (collectively "Defendants"), and file this Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as follows:

## I.

## PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used Celebrex® (celecoxib) ("Celebrex®"). Accordingly, this Answer can only be drafted generally. Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiffs were prescribed and used Celebrex®.

## II.

## ANSWER

1. Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but deny that Plaintiffs are entitled to any relief or damages. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Response to Allegations Regarding Parties**

2    2.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

4    citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

5    paragraph of the Complaint.

6    3.    Defendants are without knowledge or information sufficient to form a belief as to the

7    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

8    citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

9    paragraph of the Complaint.

10    4.    Defendants are without knowledge or information sufficient to form a belief as to the

11    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

12    citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

13    paragraph of the Complaint.

14    5.    Defendants admit that Pfizer is a Delaware corporation with its principal place of

15    business in New York.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

16    the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

17    Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted

18    Celebrex® in the United States to be prescribed by healthcare providers who are by law

19    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state

20    that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.

21    Defendants are without knowledge or information to form a belief as to the truth of such

22    allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in this

23    paragraph of the Complaint.

24    6.    Defendants admit that Searle is a Delaware limited liability company with its principal

25    place of business in Illinois.  Defendants admit that, as the result of a merger in April 2003,

26    Searle became a subsidiary of Pfizer.  Defendants admit that, during certain periods of time,

27    Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

28    promoted and distributed Celebrex® in the United States to be prescribed by healthcare

1  providers who are by law authorized to prescribe drugs in accordance with their approval by the

2  FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3  7.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of

4  business in New Jersey.  Defendants admit that, during certain periods of time, Pharmacia

5  marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare

6  providers who are by law authorized to prescribe drugs in accordance with their approval by the

7  FDA.  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are

8  vague and ambiguous.  Defendants are without knowledge or information to form a belief as to

9  the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining

10  allegations in this Paragraph of the Complaint.

11  <u>**Response to Allegations Regarding Jurisdiction and Venue**</u>

12  8.      Defendants are without knowledge or information sufficient to form a belief as to the

13  truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and

14  the amount in controversy, and, therefore, deny the same.  However, Defendants admit that

15  Plaintiffs claim that the parties are diverse and that the amount in controversy exceeds $75,000,

16  exclusive of interests and costs.

17  9.      Defendants are without knowledge or information sufficient to form a belief as to the

18  truth of the allegations in this paragraph of the Complaint regarding the judicial district in

19  which the asserted claims allegedly arose, and, therefore, deny the same.  Defendants admit

20  that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted

21  Celebrex® in the United States, including California and Arkansas, to be prescribed by

22  healthcare providers who are by law authorized to prescribe drugs in accordance with their

23  approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was

24  manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

25  distributed Celebrex® in the United States to be prescribed by healthcare providers who are by

26  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

27  admit that they provided FDA-approved prescribing information regarding Celebrex®.

28  Defendants admit that they do business in the States of California and Arkansas.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny committing a tort in the States of California and Arkansas, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Interdistrict Assignment**

10.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

**Response to Factual Allegations**

11.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States, including Arkansas, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

13.     Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

2    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

3    effective when used in accordance with its FDA-approved prescribing information.  Defendants

4    deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny

5    the remaining allegations in this paragraph of the Complaint.

6    14.    Defendants are without knowledge or information sufficient to form a belief as to the

7    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

8    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

9    effective when used in accordance with its FDA-approved prescribing information.  Defendants

10    deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny

11    the remaining allegations in this paragraph of the Complaint.

12    15.    Defendants state that Celebrex® was and is safe and effective when used in accordance

13    with its FDA-approved prescribing information.  Defendants state that the potential effects of

14    Celebrex® were and are adequately described in its FDA-approved prescribing information,

15    which was at all times adequate and comported with applicable standards of care and law.

16    Defendants deny the remaining the allegations in this paragraph of the Complaint.

17    16.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

18    and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

19    are by law authorized to prescribe drugs in accordance with their approval by the FDA.

20    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

21    packaged for Searle, which developed, tested, marketed, co-promoted and distributed

22    Celebrex® in the United States to be prescribed by healthcare providers who are by law

23    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

24    that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants

25    deny the remaining allegations in this paragraph of the Complaint.

26    17.    Defendants admit that Celebrex® is in a class of drugs that is, at times, referred to as

27    non-steroidal anti-inflammatory drugs ("NSAIDS").  Defendant states that, as stated in the

28    FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-6-

be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Defendants admit that Celebrex® was approved by the FDA on December 31, 1998. Defendant states that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny the remaining allegations in this paragraph of the Complaint.

18.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining the allegations in this paragraph of the Complaint.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining the allegations in this paragraph of the Complaint.

20.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining the allegations in this paragraph of the Complaint.

21.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining the allegations in this paragraph of the Complaint.

22.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining the allegations in this paragraph of the Complaint.

### Response to First Cause of Action: Products Liability

23.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

24.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint, including all subparts.

25.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining the allegations in this paragraph of the Complaint.

26.     Defendants admit that Celebrex® was expected to reach consumers without substantial change from the time of sale.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations this paragraph of the Complaint.

27.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations this paragraph of the Complaint.

28.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations this paragraph of the Complaint.

29.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of the Complaint.

30.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of the Complaint.

31.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations this paragraph of the Complaint.

32.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of the Complaint.

33.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations this paragraph of the Complaint.

34.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations this paragraph of the Complaint.

35.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

36.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations this paragraph of the Complaint.

37.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations this paragraph of the Complaint.

**Response to Second Cause of Action: Strict Products Liability**

38.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

39.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of the Complaint.

40.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations this paragraph of the Complaint.

41.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations this paragraph of the Complaint.

42.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations this paragraph of the Complaint.

**Response to Third Cause of Action: Express Warranty**

43.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

44.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

2   effective when used in accordance with its FDA-approved prescribing information. Defendants

3   state that the potential effects of Celebrex® were and are adequately described in its FDA-

4   approved prescribing information, which was at all times adequate and comported with

5   applicable standards of care and law. Defendants admit that they provided FDA-approved

6   prescribing information regarding Celebrex®. Defendants deny the remaining allegations this

7   paragraph of the Complaint.

8   45.    Defendants are without knowledge or information sufficient to form a belief as to the

9   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

10  Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

11  effective when used in accordance with its FDA-approved prescribing information. Defendants

12  state that the potential effects of Celebrex® were and are adequately described in its FDA-

13  approved prescribing information, which was at all times adequate and comported with

14  applicable standards of care and law. Defendants deny any wrongful conduct and deny the

15  remaining allegations this paragraph of the Complaint.

16  46.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

17  damages, and deny the remaining allegations this paragraph of the Complaint.

18  **Response to Fourth Cause of Action: Implied Warranty**

19  47.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

20  Complaint as if fully set forth herein.

21  48.    Defendants are without knowledge or information sufficient to form a belief as to the

22  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

23  Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

24  effective when used in accordance with its FDA-approved prescribing information. Defendants

25  state that the potential effects of Celebrex® were and are adequately described in its FDA-

26  approved prescribing information, which was at all times adequate and comported with

27  applicable standards of care and law. Defendants deny any wrongful conduct, deny that

28  Celebrex® is defective, and deny the remaining allegations this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

49.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of the Complaint.

50.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations this paragraph of the Complaint.

### Response to Fifth Cause of Action: Unjust Enrichment

51.     Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

52.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations this paragraph of the Complaint.

### Response to Allegations Regarding Damages

53.     Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

54.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations this paragraph of the Complaint, including all subparts.

55.     Answering the unnumbered paragraph following Paragraph 54 of the Complaint, Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations this paragraph of the Complaint, including all subparts.

### III.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Complaint that have not been previously admitted, denied, or explained.

## IV.

## AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendants affirmatively show that:

### First Defense

1.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.    Celebrex® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable federal law. Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pleaded in full bar of any liability as to Defendants.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Sixth Defense**

6.    Plaintiffs' action is barred by the statute of repose.

**Seventh Defense**

7.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiffs and Plaintiffs' damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

**Eighth Defense**

8.    The proximate cause of the loss complained of by Plaintiffs are not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.    Any injuries or expenses incurred by Plaintiffs were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Celebrex® is a prescription medical product, available only on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiffs'

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  treating and prescribing physicians.

2  **Thirteenth Defense**

3  13.    The product at issue was not in a defective condition or unreasonably dangerous at the

4  time it left the control of the manufacturer or seller.

5  **Fourteenth Defense**

6  14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit

7  for its intended use and the warnings and instructions accompanying Celebrex® at the time of

8  the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved

9  usages.

10  **Fifteenth Defense**

11  15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the

12  Celebrex® allegedly ingested by Plaintiffs was prepared in accordance with the applicable

13  standard of care.

14  **Sixteenth Defense**

15  16.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the

16  Complaint, the same were caused by the unforeseeable alteration, change, improper handling,

17  abnormal use, or other unforeseeable misuse of Celebrex® by persons other than Defendants or

18  persons acting on its behalf after the product left the control of Defendants.

19  **Seventeenth Defense**

20  17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of

21  Defendants.

22  **Eighteenth Defense**

23  18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent

24  conditions unrelated to Celebrex®.

25  **Nineteenth Defense**

26  19.    Plaintiffs knew or should have known of any risk associated with Celebrex®; therefore,

27  the doctrine of assumption of the risk bars or diminishes any recovery.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

**Twenty-third Defense**

23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Twenty-seventh Defense

2  27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

3  product at issue "provides net benefits for a class of patients" within the meaning of Comment f

4  to § 6 of the Restatement (Third) of Torts: Products Liability.

5

### Twenty-eighth Defense

6  28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

7  Products Liability.

8

### Twenty-ninth Defense

9  29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs failed to plead facts

10  sufficient under the law to justify an award of punitive damages.

11

### Thirtieth Defense

12  30.    The imposition of punitive damages in this case would violate Defendants' rights to

13  procedural due process under the Fourteenth Amendment of the United States Constitution and

14  the Constitution of the States of California and Arkansas, and would additionally violate

15  Defendants' right to substantive due process under the Fourteenth Amendment of the United

16  States Constitution.

17

### Thirty-first Defense

18  31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

19  Fourteenth Amendments to the United States Constitution.

20

### Thirty-second Defense

21  32.    The imposition of punitive damages in this case would violate the First Amendment to

22  the United States Constitution.

23

### Thirty-third Defense

24  33.    Plaintiffs' punitive damage claims are preempted by federal law.

25

### Thirty-fourth Defense

26  34.    In the event that reliance was placed upon Defendants' nonconformance to an express

27  representation, this action is barred as there was no reliance upon representations, if any, of

28  Defendants.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Thirty-fifth Defense**

35.    Plaintiffs failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitution of the States of California and Arkansas.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5)

1  permits jury consideration of net worth or other financial information relating to Defendants;

2  (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict

3  review of any punitive damages awards; (7) lacks constitutionally sufficient standards for

4  appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court

5  precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1

6  (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North*

7  *America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*,

8  538 U.S. 408 (2003).

### Thirty-ninth Defense

10  39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

11  and marketing of Celebrex®, if any, used in this case, included adequate warnings and

12  instructions with respect to the product's use in the package insert and other literature, and

13  conformed to the generally recognized, reasonably available, and reliable state of the

14  knowledge at the time the product was marketed.

### Fortieth Defense

16  40.    The claims asserted in the Complaint are barred because Celebrex® was designed,

17  tested, manufactured and labeled in accordance with the state-of-the-art industry standards

18  existing at the time of the sale.

### Forty-first Defense

20  41.    If Plaintiffs sustained injuries or losses as alleged in the Complaint, upon information

21  and belief, such injuries and losses were caused by the actions of persons not having real or

22  apparent authority to take said actions on behalf of Defendants and over whom Defendants had

23  no control and for whom Defendants may not be held accountable.

### Forty-second Defense

25  42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

26  was not unreasonably dangerous or defective, was suitable for the purpose for which it was

27  intended, and was distributed with adequate and sufficient warnings.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-third Defense**

43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were independent of or far removed from Defendants' conduct.

**Forty-fifth Defense**

45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiffs.

**Forty-sixth Defense**

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendants' conduct.

**Forty-seventh Defense**

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.    The claims must be dismissed because Plaintiffs would have taken Celebrex® even if the product labeling contained the information that Plaintiffs contend should have been provided.

**Forty-ninth Defense**

49.    The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fiftieth Defense**

50.     Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.     Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.    Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

**Fifty-second Defense**

52.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.    Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.     Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55.     Defendants state on information and belief that the Complaint and each purported cause

1    of action contained therein is barred by the statutes of limitations contained in California Code

2    of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as

3    may apply.

### Fifty-sixth Defense

5    56.    Defendants state on information and belief that any injuries, losses, or damages suffered

6    by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable

7    conduct of persons or entities other than Defendants.  Therefore, Plaintiffs' recovery against

8    Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

10    57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

11    Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

12    Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

13    damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

15    58.    Plaintiffs' fraud based claims, if any, are not stated with particularity as required by

16    Rule 9 of the Federal Rules of Civil Procedure and/or Rule 9 of the Arkansas Rules of Civil

17    Procedure.

### Fifty-ninth Defense

19    59.    Plaintiffs' damages, if any, must be reduced by the percentage of fault attributable to

20    Plaintiffs and to nonparties as provided by Ark. Code Ann. § 16-55-202.

### Sixtieth Defense

22    60.    Plaintiffs' claims are barred and/or limited by the provisions of the Arkansas Products

23    Liability Act, Ark. Code Ann. § 16-116-101, et seq.

### Sixty-first Defense

25    61.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Arkansas

26    Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201, et seq.

### Sixty-second Defense

28    62.    Defendants reserve the right to supplement their assertion of defenses as they continue

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   with their factual investigation of Plaintiffs' claims.

2   **V.**

3   **PRAYER**

4   WHEREFORE, Defendants pray for judgment as follows:

5   1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

6   2.    That the Complaint be dismissed;

7   3.    That Defendants be awarded their costs for this lawsuit;

8   4.    That the trier of fact determine what percentage of the combined fault or other liability

9        of all persons whose fault or other liability proximately caused Plaintiffs' alleged

10       injuries, losses or damages is attributable to each person;

11  5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater

12       than an amount which equals their proportionate share, if any, of the total fault or other

13       liability which proximately caused Plaintiffs' injuries and damages; and

14  6.    That Defendants have such other and further relief as the Court deems appropriate.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    May 30, 2008                          GORDON & REES LLP

2

3                                          By: : _____/s/_____
                                               Stuart M. Gordon
4                                              sgordon@gordonrees.com
                                               Embarcadero Center West
5                                              275 Battery Street, 20th Floor
                                               San Francisco, CA 94111
6                                              Telephone:  (415) 986-5900
                                               Fax:  (415) 986-8054
7

8    May 30, 2008                          TUCKER ELLIS & WEST LLP
                                           .
9

10                                         By: : _____/s/_____
                                               Michael C. Zellers
11                                             michael.zellers@tuckerellis.com
                                               515 South Flower Street, Suite 4200
12                                             Los Angeles, CA  90071-2223
                                               Telephone:  (213) 430-3400
13                                             Fax:  (213) 430-3409

14                                             Attorneys for Defendants
                                               PFIZER INC., PHARMACIA
15                                             CORPORATION, AND G.D. SEARLE
                                               LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**JURY DEMAND**

2      Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a

3   trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4   Procedure.

5   May 30, 2008                          GORDON & REES LLP

6

7                                         By: :_____/s/_____
8                                            Stuart M. Gordon
                                             sgordon@gordonrees.com
9                                            Embarcadero Center West
                                             275 Battery Street, 20th Floor
10                                           San Francisco, CA  94111
                                             Telephone:  (415) 986-5900
11                                           Fax:  (415) 986-8054

12  May 30, 2008                          TUCKER ELLIS & WEST LLP

13

14                                        By: :_____/s/_____
15                                           Michael C. Zellers
                                             michael.zellers@tuckerellis.com
16                                           515 South Flower Street, Suite 4200
                                             Los Angeles, CA 90071-2223
17                                           Telephone:  (213) 430-3400
                                             Fax:  (213) 430-3409

18                                           Attorneys for Defendants
19                                           PFIZER INC., PHARMACIA
                                             CORPORATION, AND G.D. SEARLE
20                                           LLC

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111